IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01866-PAB-MEH

FIRST FRANKLIN FINANCIAL CORPORATION, a Delaware corporation,

    Plaintiff,

v.

UNITED TITLE COMPANY, INC., a Colorado corporation,

    Defendant.

**STIPULATED PROTECTIVE ORDER**

    Upon the showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in F.R.C.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    3.    Any party, or any third party subject to discovery in this action ("The Litigation") may designate as "Confidential" any document or other material that such party believes to contain "Confidential Information" as defined below, including without limitation, any information produced pursuant to a discovery request, any document marked as an exhibit at any

deposition taken in this proceeding, any information given orally at a deposition or otherwise, or the transcript of any deposition taken in this proceedings, or any information provided in writing in any interrogatories, or otherwise, if it reflects, refers to or evidences any "Confidential Information".

4. All "Confidential" documents produced by any party or non-party in The Litigation shall be used by the party or agent receiving or reviewing such documents only for the purposes of preparing for any conducting The Litigation.

5. For purposes of this Protective Order, the term "Confidential Information" means information that counsel of record for the designating party has determined, in good faith, constitutes non-public Confidential proprietary data, proprietary business information, and/or research, development, personnel, or commercial information. Information shall be designated as "Confidential" only upon the good faith belief that the information falls within the scope of Confidential information under the Federal Rules of Civil Procedure and the precedents thereto.

6. "Confidential" shall be designated specifically by marking the thing and/or each page of a document produced as "CONFIDENTIAL". In lieu of marking and producing the original or a document, a marked copy thereof may be produced, provided that the unmarked original is kept available by the producing party for inspection.

7. In the event that an original copy of a document is designated "CONFIDENTIAL" as set out in Paragraph 6, and one or more copies of the document or the original are also produced but not so designated, the copies or original shall also be treated as "CONFIDENTIAL" if the receiving party is actually aware of such fact.

8. Such "CONFIDENTIAL" designation shall be made at the time documents or materials are produced or within fifteen (15) days thereafter. In the case of depositions, the designations shall be made by so stating on the record of the deposition. Notwithstanding the foregoing, documents, materials or deposition testimony that are not designated "Confidential" at the time of production may subsequently be designated as "Confidential" by the disclosing party in a letter to the receiving party that specifically describes each document, material, or testimony so designated, and the receiving party shall treat those documents as "Confidential" as of the date of their designation.

9. Documents or materials marked as "CONFIDENTIAL" pursuant to the terms of the Protective Order, and any information contained therein or derived therefrom shall not be disclosed to anyone other than to "Qualified Persons--CONFIDENTIAL," who are defined to consist of:

(a) Counsel to the parties to The Litigation, including in-house counsel, and clerical, secretarial and paralegal staff employed by such counsel;

(b) Any outside expert or consultant and their staff retained by counsel to assist in the prosecution or defense of this action;

(c) Any witness employed or previously employed by the producing party, as well as any person who created, sent or received the document in the ordinary course of business as demonstrated by the evidence;

(d) Any court reporter or typist recording or transcribing testimony;

(e) The Court (in the manner provided by Paragraph 15 hereof);

(f) Any other person upon which the parties agree in writing; and

(g) Representatives of the parties.

10. Experts to whom designated "CONFIDENTIAL" information is to be disclosed shall, prior to such disclosure, first execute a Declaration in the form attached hereto as Exhibit A.

11. During a duly noticed deposition, documents or materials designated "CONFIDENTIAL" may be disclosed to any witness of the party that produced those documents or materials. At the request of any party, attendance at depositions may be restricted to the persons designated in Paragraph 9 and the attorneys (and the employees of such attorney) for any non-party deponent.

12. A party may object to the designation of particular "CONFIDENTIAL" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party objecting to designating the information as "CONFIDENTIAL" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. During the pendency of any such motion, the disputed information shall be treated as "CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the motion.

13. In connection with a motion filed under this provision and Paragraph 12, the party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as such. However, nothing in this Protective Order is intended to preclude counsel from providing their clients with legal advice and/or summaries of the information produced that are necessary to allow the parties to make

reasoned decisions concerning the Litigation, provided that the advice and summaries do not reveal the detailed Confidential elements of the information designated "CONFIDENTIAL" and do not reveal any information whatsoever about technical information, research and development, new products not yet offered for sale or proposed advertising or marketing or financial information.

14. Inadvertent disclosure and/or production of documents claimed to be subject to either the attorney-client privilege or work product doctrine does not waive the applicability of such privilege or doctrine either generally or relative to the inadvertently disclosed and/or produced documents. If any such documents are inadvertently disclosed to the receiving party by the producing party, the producing party may request that the receiving party return such documents to the producing party, and the receiving party must immediately comply by, to the extent reasonably practicable and consistent with the technology used by the producing party to produce the documents, returning such documents and destroying any copies, notes or memoranda concerning the privileged information. If, however, the receiving party disagrees with the claim of privilege or work-product protection as to an inadvertently disclosed and/or produced document, the receiving party may object to the return of the document by giving written notice to the party claiming the privilege. The written notice shall identify the document to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party claiming the privilege or protection to file an appropriate motion requesting that the Court determine the validity of the privilege or protection claim. If the party claiming the privilege or protection fails to file such a motion within the prescribed time, the receiving party may retain the disputed

document, which shall not thereafter be treated as privileged or protected. In connection with a motion filed under this provision, the party claiming the privilege or protection shall bear the burden of establishing that good cause exists for the disputed document to be treated as privileged or protected. The disputed document shall be treated as privileged or protected until either the Court rules on the motion filed under this provision, or the time for filing such a motion has expired. The parties acknowledge that issues of privilege may also arise under foreign law and/or may be litigated in the foreign proceedings. Nothing in this agreement is intended to affect any party's right to claim privilege or work product protection in the foreign proceedings, or any counter argument or argument of waiver in respect of any such claim.

15. Documents or materials designated as "CONFIDENTIAL" in accordance with the terms of this Protective Order, whether discussed in briefs or otherwise, shall not be filed with the Clerk of Court. Parties submitting to the Court documents containing "CONFIDENTIAL" information shall follow the procedure set forth in Colorado Local Rules 7.2 and 7.3. Any party or member of the public may challenge the filing of papers *in camera* under the Local Rules. In the event of a challenge, the party asserting confidentiality will have the burden of proving the same.

16. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as "CONFIDENTIAL" shall be returned to the party that designated it "CONFIDENTIAL" or the parties may elect to destroy such documents. Where the parties agree to destroy "CONFIDENTIAL" documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 28th day of January, 2009, in Denver, Colorado.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

APPROVED:

s/ Gregory S. Tamkin
Gregory S. Tamkin
Joshua M. Finkelstein
DORSEY & WHITNEY LLP
370 17th Street, Suite 4700
Denver, CO 80202-5647
Telephone: (303) 629-3400
Facsimile: (303) 629-3450
E-mail: tamkin.greg@dorsey.com
E-mail: finkelstein.josh@dorsey.com

**ATTORNEYS FOR PLAINTIFF**
**FIRST FRANKLIN FINANCIAL CORPORATION**

s/ Craig D. Joyce
Craig D. Joyce
FAIRFIELD AND WOODS, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO 80203
Telephone: (303) 830-2400
Facsimile: (303) 830-1033
E-mail: cjoyce@fwlaw.com

**ATTORNEY FOR DEFENDANT**
**UNITED TITLE COMPANY, INC.**

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01866-PAB-MEH

FIRST FRANKLIN FINANCIAL CORPORATION, a Delaware corporation,

    Plaintiff,

v.

UNITED TITLE COMPANY, INC., a Colorado corporation,

    Defendant.

---

**UNDERTAKING**

---

    I, _____, having been retained as an _____ of _____ in connection with the above-captioned lawsuit, hereby acknowledge that I am to be provided access to confidential information supplied by _____, as defined in the Protective Order dated _____.

    I certify my understanding that the confidential information is being provided to me pursuant to the terms and restrictions of the aforesaid Protective Order and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Order. I understand that the confidential information and my copies or notes relating thereto may be disclosed to or discussed with only those persons permitted by the Protective Order to receive such information.

I will return on request all materials containing confidential information, copies thereof and notes that I have prepared relating thereto, to outside trial counsel for the party with whom I am associated.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

Respectfully submitted,

Dated: _____ By: